**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   18-30173 |
| Plaintiff-Appellee, | D.C. No. |
| v. | 1:17-cr-00095-SPW-1 |
| DESMOND DIMETRIUS HARDESTY, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Susan P. Watters, District Judge, Presiding

Submitted July 10, 2019**
Portland, Oregon

Before: FERNANDEZ, GRABER, and OWENS, Circuit Judges.

Desmond Dimetrius Hardesty appeals from his conviction for receipt of

child pornography in violation of 18 U.S.C. § 2252(a)(2). We have jurisdiction

under 28 U.S.C. § 1291. We affirm.

Hardesty argues that the district court erred in denying his motion to

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

suppress evidence collected during a second warrantless search of his home. "We review de novo a district court's denial of a motion to suppress, reviewing for clear error the district court's underlying factual findings." *United States v. Lara*, 815 F.3d 605, 608 (9th Cir. 2016) (citation omitted). We also review de novo whether a warrantless search was reasonable. *United States v. Cotterman*, 709 F.3d 952, 959–60 (9th Cir. 2013) (en banc).

A search's reasonableness "is determined by assessing, on the one hand, the degree to which it intrudes upon an individual's privacy and, on the other, the degree to which it is needed for the promotion of legitimate governmental interests." *United States v. Knights*, 534 U.S. 112, 118–19 (2001) (internal quotation marks and citation omitted). Hardesty had a low expectation of privacy given his status as a probationer and his underlying conviction for sexually assaulting his juvenile daughter. *See United States v. King*, 736 F.3d 805, 809 (9th Cir. 2013) ("Defendant's expectation of privacy was small, in light of the serious and intimate nature of his underlying conviction . . . ."). Moreover, Hardesty was "unambiguously informed" of his two probation conditions permitting warrantless searches with only reasonable suspicion. *Knights*, 534 U.S. at 119.

In contrast, the government had a strong interest in protecting the public from Hardesty's recidivism. *See King*, 736 F.3d at 809. Despite minor inconsistencies in their reports, the probation officers had reasonable suspicion to

conduct the second search. The officers confiscated 300 pages of handwritten pornography that hinted at a trading system of child pornography, and Hardesty himself admitted he still may have had pornography in his residence. To the extent Hardesty argues that the probation officers collaborated with police to evade obtaining a search warrant, his argument is unpersuasive.

Because Hardesty's low expectation of privacy was outweighed by the government's interest in confronting Hardesty's recidivism, the second search was reasonable.

**AFFIRMED**.